KEVIN G. CLARKSON
ATTORNEY GENERAL
Michael S. Schechter (Alaska Bar No. 1405044)
Jessica M. Alloway (Alaska Bar No. 1205045)
Julia Metzger (Alaska Bar No. 1211120)
Assistant Attorneys General
Department of Law
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: mike.schechter@alaska.gov
        jessie.alloway@alaska.gov
        julia.metzger@alaska.gov
*Attorneys for State of Alaska*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA DEPARTMENT OF NATURAL RESOURCES and DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, | ) ) ) ) |
| Plaintiffs, | ) Case No.: 4:13-cv- 00008-RRB ) |
| v. | ) **STATE OF ALASKA'S** ) **OPPOSITION TO MOTION FOR** ) **AWARD OF ATTORNEY FEES** |
| UNITED STATES OF AMERICA; AGNES M. PURDY, BARBARA A. REDMON, on behalf of Anne L. Purdy, et al. | ) **AND COSTS** ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

The Purdys' counsel seeks to turn Alaska's eminent domain rules on their head by

allowing a property owner to endlessly contest the taking itself, lose, and still have the

citizens of the State pay for the owner's fruitless attempts to stop the condemnation. That

absurd result is precluded by the Alaska Supreme Court's decision in *Hillstrand v. City of Homer* affirming denial of Rule 72(k)(5) attorney fees for a failed attempt to stop or limit a taking.[1]

Counsel for the Purdys seeks to have the State pay $180,719.34 in fees and costs, then suggests, without reasoning or billing statements, that he may request an additional $35,996.54 in previous appellate fees depending on how the State responds in this opposition.[2] All for a relatively simple eminent domain case condemning two short rights-of-way and resulting in a just compensation award totaling $8400. These claimed fees and costs were not reasonable or necessary to achieve the adjudicated just and adequate compensation for the property taken.[3] The Court ruled in the State's favor on every aspect of this condemnation case, which the State sought to avoid entirely when it made an initial offer of $22,900 (or 2.7 times the eventual just compensation judgment).

---

[1]    218 P.3d 685, 697 (Alaska 2009).

[2]    "Separate fees totaling $35,996.54 related to the 9th Circuit Appeal may be requested in the reply, depending on the arguments in the State's opposition." Mot. for Award of Att'y Fees and Costs (Nov. 30, 2018), Dkt. 288 at 5 ("2018 Att'y Fees Mot."). Having provided neither billing statements nor a basis for this request in his motion, counsel for the Purdys has deprived the State of its opportunity to respond. *See* LR 7.1(a), (c). Without knowing what the argument could possibly be, the State points out that the Ninth Circuit already determined the State is not liable for fees on the prior appeal: "The parties shall bear their own costs." *Alaska Dep't of Natural Res. v. U.S.*, 816 F.3d 580, 587 (9th Cir. 2016); Mandate (May 24, 2016), Dkt. 171. The State can think of no situation where a right to recover previous fees would somehow arise based on what a party says in opposition to the original fee motion. The State has no intention of further responding to these claims for fees that are unsupported by either briefing or affidavit, and that have already been rejected by the Ninth Circuit. *See* LR 1.1(c)(1), (3), (4); LR 7.1(a), (c) (discussing civility, motion, and reply requirements).

[3]    *See, e.g.*, *State v. Alaska Cont'l Dev. Corp.*, 630 P.2d 977, 993–99 (Alaska 1980).

*State of Alaska v. United States of America, et al.*                    Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees                    Page 2 of 27

The $180,719.34 claim includes $49,506.84 in fees already rejected by this Court on the Purdys' first motion for attorney fees in 2014.[4]

These exorbitant fees are claimed even though the Purdys have not paid anything for their legal representation; the Tanana Chiefs Conference paid the Purdys' attorney in full. The State is not aware of any agreement requiring the Purdys to repay TCC for their fees and costs. And the Purdys' property and just compensation awards are not subject to liens for attorney fees.[5] As such, an allowance of costs and attorney's fees is not necessary for the Purdys to achieve just and adequate compensation for their property.

Similarly, the Purdys were not constitutional claimants and have not prevailed on any substantive issue. The only thing the Purdys "won" before this Court and the Ninth Circuit was a determination that this Court did not have subject matter jurisdiction over the State's quiet title action. The State still maintains valid claims to R.S. 2477 rights-of-ways on the Purdy properties outside of the condemned area, and, consequently, those trails are subject to continuing public use and a cloud remains on the Purdys' title.[6]

The Purdys did not prevail on the condemnation issues: either authority and necessity or just compensation. Shortly after the Ninth Circuit remand, the State made a reasonable settlement offer, the value of which far exceeded the fair market value for the

---

[4]    Order Regarding Mot. at Dkt. 131 (Feb. 18, 2014), Dkt. 152 (order denying Purdys' 2013 motion for attorney fees) ("2014 Order Den. Fees").

[5]    25 U.S.C. § 410.

[6]    *See Upper Skagit Indian Tribe v. Lundgren*, 138 S. Ct. 1649 (May 21, 2018) (Roberts, C.J., concurring); *Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 291–292 (1983).

*State of Alaska v. United States of America, et al.*                    Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees                    Page 3 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 3 of 27

properties. Nearly a year later the Court denied the Purdys' motion for partial summary judgment, and in doing so, sent a clear signal to Purdys' counsel that his arguments on authority and necessity were unavailing.[7] Rather than consider the State's settlement offer, or the Court's order, the Purdys chose to litigate this case for nearly two years.

In that time, the Purdys' counsel continued to focus his efforts squarely on halting the State's taking to the near-complete exclusion of any work on the issue of just compensation. Indeed, the Purdys never hired an appraiser and Mr. Kramer's billing shows that his limited work on just compensation typically only happened as a necessary reaction to the State's efforts, e.g. responding to inquiries from the State's appraiser or opposing the State's summary judgment motion.

The Purdys and their counsel chose to expend considerable sums of TCC's money to defeat the State's taking without devoting any resources to the question of just compensation. If the Purdys had prevailed upon the Court to deny the State's taking, they would have been entitled to all of their reasonable and necessary fees.[8] But that was the Purdys' gamble and they lost; the citizens of the State of Alaska are not responsible for subsidizing the Purdys' unfortunate strategic choice or that of every condemnee who fails in contesting a taking.

### FACTS RELEVANT TO ATTORNEY FEES

---

[7] *See* Order Den. Mot. for Partial Summ. J., (June 7, 2017), Dkt. 207 (denying Purdys' motion for partial summary judgment and identifying the basis for the Court's decision-making on the State's authority and necessity to condemn).

[8] *See* Alaska R. Civ. P. 72(k)(1) (allowing an award of costs and attorney's fees if "the taking of the property is denied").

*State of Alaska v. United States of America, et al.*       Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees       Page 4 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 4 of 27

The Purdys seek a total fee and cost award of $180,719.34, which includes $165,110.00 in previous bills paid by Tanana Chiefs Conference,[9] $9,275 in past and future work on attorney fees, and $6,234.34 in costs.[10]

On December 23, 2013, this Court granted the Purdys' motion to dismiss the State's quiet title and condemnation claims.[11] On January 9, 2014, the Purdys moved for attorney fees.[12] Of the $49,506.84 in fees claimed by the Purdys through February 3, 2014,[13] they apportioned $10,235.50 to condemnation issues.[14] This Court

[9] 2018 Att'y Fees Mot., Dkt. 288 at 2, 10; Aff. of Michael Kramer (Nov. 30, 2018), Dkt. 288-4 at 1-3. The Purdys' counsel deducts $1,560.50 for fees that he is not requesting, but the total amount of redacted fees marked by Mr. Kramer as "not requesting" is $1585.50. *See* Dkt. 288-4 at 13, 29, 33.

[10] 2018 Att'y Fees Mot., Dkt. 288 at 2, 20; Kramer Aff., Dkt. 288-4 at 1-3. Counsel's billing statement is somewhat confusing in that it is an account statement and pre-bill dated November 29, 2018 with a $10,997.35 previous balance that is in addition to the amounts claimed here which purport to be the billings for this entire case and that Mr. Kramer states have been paid by TCC. *See* Dkt. 288-4 at 4-5, 37-38. Nothing in the pre-bill or invoice indicates that the $10,997.35 is for another matter. Since TCC was apparently billed and paid, counsel for the Purdys should provide his actual billing invoices to TCC, rather than a muddled prebill, to clarify this issue and demonstrate the veracity of his billing.

[11] Order Regarding Mot. at Dkts. 91, 99, 117, and 122 (Dec. 23, 2013), Dkt. 127.

[12] Defs. Agnes and Anne Purdy's Mot. for Att'y Fees and Costs (Jan. 9, 2014), Dkt. 131 ("2014 Att'y Fee Mot."); Reply to State's Opp'n to Purdy's Mot. for Att'y Fees (Feb. 10, 2014), Dkt. 149 ("2014 Purdy Att'y Fee Reply").

[13] Mr. Kramer redacted as "not requesting" a February 3, 2014 entry for $44.00 but had requested payment for that entry in 2014. *Compare* 2018 Kramer Aff., Dkt. 288-4 at 13 *with* Aff. of Counsel (Feb. 10, 2014), Dkt. 149-1 at 4. Accordingly, the State will use $49,506.84 as the amount of the rejected 2014 fee request for consistency (and to avoid double subtraction if the Court again declines to award fees through February 3, 2014).

[14] 2014 Purdy Att'y Fee Reply, Dkt. 149 at 1, 3. The Purdys now disingenuously claim that the R.S. 2477 and condemnation issues are "so inextricably intertwined … that the Court should not distinguish the fees incurred between the issues." 2018 Att'y Fees Mot., Dkt. 288 at 3; 2018 Kramer Aff., Dkt. 288-4 at 3 ("While it appears much of the

*State of Alaska v. United States of America, et al.*                                      Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees                                   Page 5 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 5 of 27

denied the Purdys' previous fee application on February 18, 2014.[15]

The State appealed this Court's dismissal; the Ninth Circuit upheld the quiet title claims dismissal for lack of subject matter jurisdiction but reversed dismissal of the State's condemnation claim.[16] Prior to filing an amended complaint on condemnation as directed by the Ninth Circuit, the State informed the Purdys' counsel that it would condemn a more limited trail area than claimed as R.S. 2477 routes in the original complaint: 11.45 acres instead of 24.64 acres.[17] The State also offered to pay $22,900 for the 11.45 acre right-of-way easements, which was nearly double the fee simple fair market value estimated by the State's right-of-way agent based on comparable sales.[18]

In response to the State's offer, the Purdys made clear through their counsel that their goal was to defeat or severely limit the State's condemnation and did not care about the amount of just compensation: "Agnes wants no money, and Anne would be satisfied with some minor burial site preservation efforts."[19]

The State filed its amended complaint in September 2016.[20] The Purdys filed their

---

work in this period was related to RS 2477 issues, the two claims were always interrelated. We were always mindful of the two claims.")

[15]   2014 Order Den. Fees, Dkt. 152.

[16]   *Alaska Dep't of Natural Res. v. U.S.*, 816 F.3d 580 (9th Cir. 2016).

[17]   July 6, 2016 email and attachments from State attorney Kent Sullivan to Purdy counsel Mike Kramer, submitted herewith at Dkt. 297-1.

[18]   *Id.* at 10. (July 1, 2016 letter from Evan Rainey to Kent Sullivan attached to July 6, 2016 email).

[19]   July 26, 2016 email from Purdy Counsel Mike Kramer to State Attorney Kent Sullivan, submitted herewith at Dkt. 297-2.

[20]   Am. Compl. (Sept. 29, 2016), Dkt. 174.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 6 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 6 of 27

answer to the amended complaint in October 2016.[21] The Purdys asserted twenty-one

affirmative defenses, none of which were constitutional claims.[22]

In December 2016, the Purdys moved for partial summary judgment to challenge

the State's use of eminent domain. In sum, the Purdys argued that 1) the State's "slow

take" should be required to follow declaration of taking or "fast take" requirement,

including the creation of a decisional document; 2) the State's taking was arbitrary

because it did not consider unique harm to the Purdys; and 3) that the State's taking was

collaterally estopped by its participation in the allotment process that reserved public

trails on the Purdys' properties.[23] The Court denied the Purdys' motion in June 2017,

relying on the "rather detailed and comprehensive" affidavit provided by the State.[24]

Counsel for the Purdys conducted little discovery in this matter and does not

appear to have spent much, if any, time reviewing materials produced by the State as

evidenced by the lack of billing entries reflecting analysis of the State's documentation.[25]

---

[21]     Purdy Answer to Am. Compl. (Oct. 12, 2016), Dkt. 182.

[22]     *Id.* at 42-46.

[23]     *See* Purdy Mot. for Partial Summ. J. (Dec. 1, 2016), Dkt. 187; Purdy Reply in Supp. of Mot. for Partial Summ. J. (Feb. 17, 2017), Dkt. 206. As the State previously argued to the Court, the Purdys and their counsel have repeatedly changed their position as to the existence and the location of the public trails explicitly reserved on their allotment certificates, adopting whatever stance is most convenient at the time without regard to their previous assertions. *See* State Mot. To Determine Authority and Necessity for Taking (May 1, 2018), Dkt. 240 at 4-11 (discussing the Purdys' treatment of the allotment certificate trails in their answer, discovery responses, and summary judgment motion).

[24]     Order Den. Mot. for Partial Summ. J., (June 7, 2017), Dkt. 207 at 1-2.

[25]     *See* 2018 Kramer Aff., Dkt. 288-4 at 13-36.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 7 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 7 of 27

The Purdys' counsel took only one brief adverse deposition, which was focused on issues of condemnation authority and necessity.[26] The Purdys' attorney fees and costs appear to be almost exclusively devoted to challenging the taking itself.[27] What little evidence there is of work on just compensation is mostly limited to answering the State appraiser's inquiries and responding to the State's motion for summary judgment.[28]

In February 2018, the State made offers of judgment to the Purdys for $3,050 and $19,950 prior to a day-long settlement conference with Judge Holland.[29]

Through the remainder of the case, the Purdys' counsel continued to re-argue the theories rejected by the Court in his motion for partial summary judgment. Unsurprisingly, the Court found this unpersuasive and granted the State's motion in limine and dispositive motions, and denied the Purdys' motions for reconsideration as having "no merit."[30]

The following items are key examples of costs and fees sought by the Purdys that are not related to just compensation and are highlighted as generally indicative of the Purdys' counsel's course of conduct in this case:

---

[26]    *See id.*; *see also* Excerpts from Dep. Tr. of Rockford Weber, Dkts. 240-10, 248-2.

[27]    *See* 2018 Kramer Aff., Dkt. 288-4 at 13-38.

[28]    *See, id.*, Dkt. 288-4 at 21, 31-32.

[29]    Order re Req. for Settlement Conference (Jan. 29, 2018), Dkt. 227; Offers of Judgment, Dkts. 288-1, 288-2.

[30]    Order Granting Necessity for Taking, Setting Just Compensation, and Granting Mot. in Limine (Sept. 11, 2018), Dkt. 270; Order Granting Mot. for Entry of J. (Oct. 26, 2018), Dkt. 281; *see, e.g.* Purdy Opp'n on Authority and Necessity (June 1, 2018), Dkt. 251 (briefing contained zero citations to evidence and largely consisted of a block quote supporting the Purdys' previously rejected decisional document argument).

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 8 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 8 of 27

- $1,450 charged for an expert report by Interior Trails and $7,195 (21.2 hours) charged for attorney discovery work and expert consultation in June and July 2018.[31] Counsel for the Purdys did not initiate the expert consultation and discovery investigation in these billing entries until the day that dispositive motion briefing was complete (June 15, 2018), which was six months after expert disclosures were due and nearly four months after discovery closed. This late date also appears to be the first time that counsel viewed the Purdys' allotments in person.[32]

- Multiple entries for motions for reconsideration that had "no merit" and an untimely motion to appoint master (i.e. after the Court granted summary judgment on just compensation) totaling 21.4 hours and $7,280.[33]

- Multiple entries from September 29, 2016 to June 1, 2018 totaling 112.6 hours and $30,379.40 for research on condemnation authority and procedure, including work on the Purdys' Motion for Partial Summary Judgment and Opposition to the State's Motion to Determine Authority and Necessity.[34] After 30 hours of work,

---

[31]    2018 Kramer Aff., Dkt. 288-4 at 32-33.

[32]    This failure to timely view the property would help explain counsel for the Purdys' apparent lack of familiarity with the property and the resulting communication problems that lack of familiarity caused throughout this litigation. *See, e.g.*, State's Mot. to Determine Authority and Necessity, Dkt. 240 at 11-16 (discussing the multitude of questionable routes proposed by the Purdys, typically by their counsel, throughout the case).

[33]    2018 Kramer Aff., Dkt. 288-4 at 34-36; Order Granting Mot. for Entry of J. (Oct. 26, 2018), Dkt. 281 at 2.

[34]    2018 Kramer Aff., Dkt. 288-4 at 14-22, 27-32. The State acknowledges that the totals may be slightly over-inclusive because of counsel's block billing. Similarly, the totals may be underinclusive because of redacted and insufficiently detailed entries.

*State of Alaska v. United States of America, et al.*        Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees        Page 9 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 9 of 27

Mr. Kramer's office first identified one of the key statutes in this case: "Discover new statute that was relevant to case, 09.55.260(5) …."[35] AS 09.55.260 has not been amended since it was adopted in 1962; read sequentially, it is the third section of Alaska's eminent domain statutes, AS 09.55.240 – 09.55.460.

- January 16, 2017 Mike Kramer billing entry for .4 hours and $120: "receive and study proposed license agreement for Busby to access allotment, comment with suggested edits."[36] This is a bill for reviewing the private contract between Agnes Purdy and a neighbor.[37]

- Multiple entries for an unidentified "KK" from July to September 2018 totaling 7.8 hours and $975.[38]

- February 6, 2018 reimbursement of $379 for Barbara Redmon's airline ticket change fee.[39] The Purdys' counsel agreed to this date after telling the State that Ms. Redmon would be in Anchorage before the deposition notice was issued; counsel did not inform the State of any issue or need to change transportation arrangements before

---

[35]     2018 Kramer Aff., Dkt. 288-4 at 16 (entry for October 24, 2016).

[36]     2018 Kramer Aff., Dkt. 288-4 at 19.

[37]     This billing entry also appears to be evidence that Mr. Kramer made misrepresentations to the State's appraiser, whom he told "I was not involved with renewal terms but I learned that the most recent renewal through september [sic] 2018 calls for road maintenance…." *Compare* 2018 Kramer Aff., Dkt. 288-4 at 16 (January 16, 2017 entry) *with* Dkt. 258-1 at 5 (Kramer email to State appraiser). *See* Alaska Rules of Professional Conduct 3.3, 3.4, 4.1, 8.4.

[38]     2018 Kramer Aff., Dkt. 288-4 at 1, 32-24.

[39]     2018 Kramer Aff., Dkt. 288-4 at 37.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 10 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 10 of 27

the deposition.[40]

## STANDARD OF REVIEW

Under Alaska Rule of Civil Procedure 72(k)(5), "Costs and attorney's fees incurred by a defendant must be assessed against the plaintiff if … (5) allowance of costs and attorney's fees appears necessary to achieve a just and adequate compensation of the defendant."[41]

A defendant seeking fees under Civil Rule 72(k)(5) must make a sufficient factual showing for the court to grant an award of costs and fees in any amount.[42] The Alaska Supreme Court has repeatedly emphasized that courts should not award fees that were not necessary to obtain just compensation or that exceeded reasonable fees and costs.[43]

---

[40] January 25, 2018 email thread between counsel for the State and Mr. Kramer's office, submitted herewith at Dkt. 297-3.

[41] The Purdys do not (and cannot) claim attorney's fees and costs under the first four provisions of Rule 72(k), which notably includes (k)(1), mandating an award of costs and attorney's fees if the taking is denied.

[42] *See Four Separate Parcels of Land v. City of Kodiak*, 938 P.2d 448, 455–56 (Alaska 1997) (affirming trial court denial of all attorney's fees where defendant failed to explain why a fee award of $146,870 was necessary to achieve just and adequate compensation for property valued at approximately $46,000). The Purdys argue that fees are the norm under Civil Rule 72(k) citing to a 1984 case, but the State could not find any cases applying that to subsection (k)(5) or where the fee issue primarily involved the propriety of the taking itself rather than the amount of just compensation. *See* 2018 Att'y Fees Mot., Dkt. 288 at 2-3. Moreover, the Purdys' "norm" argument from the 1984 case does not appear to be good law because the Supreme Court more recently responded to an identical assertion that "full attorney's fees and costs are 'the norm' under Rule 72(k)" by stating that "[a]n examination of the rule shows that this is not the case." *Four Separate Parcels of Land*, 938 P.2d at 455 (1997).

[43] *Triangle, Inc. v. State*, 632 P.2d 965, 970 (Alaska 1981); *accord Res. Inv. v. State, Dep't of Transp. & Pub. Facilities*, 687 P.2d 280, 283 (Alaska 1984); *Badger Const. Co. v. State*, 628 P.2d 921, 923–24 (Alaska 1981); *State v. Alaska Cont'l Dev. Corp.*, 630

*State of Alaska v. United States of America, et al.*     Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees     Page 11 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 11 of 27

"Costs are necessary and, therefore, compensable only to the extent that they are reasonable, that is, necessarily incurred."[44] Regardless, Rule 72(k) does not grant authority for a trial court to award appellate costs and fees.[45]

If the court determines that full attorney's fee and costs are not warranted, it must articulate its reasons for so ruling.[46] Absent an abuse of discretion, the trial court's determination to award less than full fees will not be disturbed.[47] It is not an abuse of discretion to deny all fees and costs when a condemnee challenges the taking itself but fails to stop the condemnation or limit its scope; those fees would not be "necessary to achieve a just and adequate compensation" under Rule 72(k)(5).[48]

"Our holding in *Stewart & Grindle* does not mean that the state must become the

---

P.2d 977, 993–99 (Alaska 1980); *Stewart & Grindle, Inc. v. State*, 524 P.2d 1242 (Alaska 1974).

[44] *Badger Const. Co. v. State*, 628 P.2d 921, 923–24 (Alaska 1981).

[45] *State, Dep't of Highways v. Salzwedel*, 596 P.2d 17, 19-20 (Alaska 1979).

[46] *See, e.g.*, *Triangle, Inc. v. State*, 632 P.2d 965, 970 (Alaska 1981).

[47] *Res. Inv. v. State, Dep't of Transp. & Pub. Facilities*, 687 P.2d 280, 283 (Alaska 1984). Counsel for the Purdys insinuates that the Alaska Supreme Court remanded this case because the trial court had awarded less than full fees and costs on condemnation, but that misrepresents the Supreme Court's analysis. *See* 2018 Att'y Fees Mot., Dkt. 288 at 2-3. The condemnee in that case was awarded fees because the just compensation award was more than ten percent larger than the State's condemnation deposit. 687 P.2d at 282-83. The Supreme Court accepted the trial court's reasoning "as an adequate explanation" in reducing fees from $357,720 to $115,000, namely that there was unnecessary utilization of multiple attorneys, the time spent was excessive in view of the straightforward issues, the hourly rate was unreasonable, and the fees were generally excessive. *Id.* at 283. What the Supreme Court did was "suggest" that the trial court revisit fees because it was reversing the trial court on how much land the State already had a right to occupy, amounting to approximately a one-acre difference on a thirty-acre condemnation. *Id.* at 281-83.

[48] *Hillstrand v. City of Homer*, 218 P.3d 685, 697 (2009).

---

*State of Alaska v. United States of America, et al.*     Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees     Page 12 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 12 of 27

guarantor of costs incurred in advancing every possible legal theory an owner may have in an eminent domain proceeding."[49] "[A]n owner is not barred from advancing unprecedented claims … [but] we do not believe that the state should bear the costs of the owner's unsuccessful speculative efforts."[50]

Automatically awarding all costs claimed by a party is not mandated by the constitutional requirement of just compensation nor is it constitutionally required by Alaska Rule of Civil Procedure 72(k)(5).[51] "[O]nce it is determined that a particular charge is allowable as a part of costs or attorney's fees under Civil Rule 72(k), the court may award less than the full amount of the charge when it finds that amount unreasonable in view of the nature and extent of the services rendered."[52] In calculating what fees are necessary, "it is true that the state has no part in the dispute between owners of different interests in the same property, and should not be charged with the attorney's fees resulting from the portion of the litigation resulting from that dispute."[53]

---

[49]    *State, Dep't of Highways v. Salzwedel*, 596 P.2d 17, 20–21 (Alaska 1979) *citing Stewart & Grindle, Inc. v. State*, 524 P.2d 1242 (Alaska 1974) (interpreting Alaska R. Civ. Pro. 72(k)(4), now codified as 72(k)(5)); *see also Vezey v. State*, 798 P.2d 327, 331 (noting that Rule 72(k) contemplates condemnees risking out-of-pocket expenses in condemnation and are not assured of repayment under the rule).

[50]    *State, Dep't of Highways*, 596 P.2d at 21 (Alaska 1979); *see also Vezey v. State*, 798 P.2d 327, 335-38 (Alaska 1990) *as amended* (Apr. 30, 1990) (rejecting as excessive a claim for attorney's fees incurred in litigating unsuccessful motions in an eminent domain case).

[51]    *See State v. Alaska Cont'l Dev. Corp.*, 630 P.2d at 993–99 (internal citations omitted); *Badger Const. Co.*, 628 P.2d at 923–24 (internal citations omitted).

[52]    *Badger Const. Co.*, 628 P.2d at 923–24 (internal citations omitted).

[53]    *State v. Hammer*, 550 P.2d 820, 829 (Alaska 1976).

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 13 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 13 of 27

The Alaska Supreme Court has cautioned trial courts that "there is a great potential for abuse of these provisions [in Rule 72(k)] … Just because it is 'necessary' to obtain professional help does not mean that it is 'necessary' to hire one who charges an exorbitant amount."[54]

In determining whether attorney's fees and costs were necessarily incurred the Court should take into consideration rejection of the State's settlement offers.[55] Such settlement offers need not be formal offers of judgment or deposited into the court registry to be considered by the court in determining the reasonable necessity of fees.[56]

## ARGUMENT

I.  **An award of attorney fees and costs for the Purdys' failed challenge to condemnation authority is not appropriate and not related to just compensation.**

A property owner is well within their rights to doggedly fight the government condemnation of their property, even to the exclusion of contesting just compensation, but that choice does not obligate the government to pay for the property owner's failed efforts to stop the taking. Attorney's fees and costs are not necessary to achieve a just and adequate compensation under Rule 72(k)(5) when the fees sought are for the condemnee's failed challenges to the State's use of eminent domain.[57]

---

[54]     *Badger Const. Co.*, 628 P.2d at 923–24 *citing Stewart & Grindle, Inc. v. State*, 524 P.2d at 1251 *and State v. Alaska Cont'l Dev. Corp.*, 630 P.2d at 993–94.

[55]     *State, Dep't of Transp. & Pub. Facilities v. 4.085 Acres, more or less*, 752 P.2d 1008, 1011 (Alaska 1988); *see Stewart & Grindle, Inc.*, 524 P.2d at 1244, 1251.

[56]     *See Stewart & Grindle, Inc.*, 524 P.2d at 1244, 1251.

[57]     *Hillstrand*, 218 P.3d at 697.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 14 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 14 of 27

In *Hillstrand*, the property owner challenged the City of Homer's condemnation of her property because she alleged it was not adequately described, would close off an access route, and take a portion of her land in fee rather than as an easement. The City had also not dedicated replacement access in a binding manner at the time of the property owner's challenge. The superior court ordered the City to change its description to match the approved preliminary plat, but in all other regards rejected the owner's arguments and confirmed the City's authority and necessity for the condemnation. The owner moved for fees and costs under Rule 72(k)(1) and (k)(5).[58] Under (k)(1), she argued that the change in legal description meant that she had prevailed in stopping the taking as originally plead.[59] Under (k)(5), she argued that "replacement access was important to her and her fees incurred in forcing the City to plat the property were necessary to achieve a just and adequate compensation."[60]

The superior court denied the owner's fee motion, which she appealed along with her substantive takings issues. The Alaska Supreme Court affirmed the trial court, noting that the only favorable ruling she received was the minor amendment of the property description, but otherwise "none of Hillstrand's objections were found valid by the trial court, and no part of the taking was denied." Although the issue of replacement access

---

[58]     "Costs and attorney's fees incurred by a defendant must be assessed against the plaintiff if: (1) the taking of the property is denied; … or (5) allowance of costs and attorney's fees appears necessary to achieve a just and adequate compensation of the defendant."

[59]     *Hillstrand*, 218 P.3d at 697.

[60]     *Id.*

*State of Alaska v. United States of America, et al.*     Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees     Page 15 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 15 of 27

was important to her, the Supreme Court stated that "the record makes clear that the City originally intended to provide replacement access …." On that basis, the Supreme Court held "the superior court did not err in concluding that awarding Hillstrand attorney's fees was not 'necessary to achieve a just and adequate compensation.'"[61]

The Purdys' position here is worse than that of the *Hillstrand* property owner, as they have not received any positive ruling on the State's condemnation that their counsel could attempt to spin as vindicating some portion of their property rights.[62] This Court specifically granted the State's condemnation as pled in the Amended Complaint.[63] The Purdys did not care about the money, they only cared about stopping or limiting the State's condemnation action and their counsel took action consistent with those wishes.[64]

In addition to not defeating or limiting the State's condemnation, the Purdys' litigation strategy also resulted in just compensation that was significantly less than the State's prior settlement offers. The fees and costs expended on the Purdys' behalf were not reasonable or necessary to achieve a just and adequate compensation because those fees were never about securing a just and adequate compensation.

---

[61]    *Id.*

[62]    Notwithstanding counsel arguing that fees are merited because the Purdys have somehow won by losing the condemnation issue in the Ninth Circuit and leaving his clients' property subject to a network of claimed R.S. 2477 trails outside of the condemned areas.

[63]    Order Granting Necessity for Taking, Setting Just Compensation, and Granting Mot. in Limine (Sept. 11, 2018), Dkt. 270 at 3.

[64]    July 26, 2016 email from Purdy Counsel Mike Kramer to State Attorney Kent Sullivan, Dkt. 297-2.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 16 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 16 of 27

Of course, had the Purdys been successful in having the Court deny the State's taking, the State would have been liable for reasonable and necessarily incurred fees under Rule 72(k)(1). But the Purdys were not successful and the State should not be forced to subsidize the Purdys' costly failed attempts. That would encourage all condemnees to engage in a similar unrestrained strategy with the expectation that their fees to contest the condemnation itself would be reimbursed, regardless of the outcome. Rule 72(k) does not dictate such an absurd result. The Purdys (and more accurately in this case, TCC) must bear their own responsibility for their failed litigation strategy, and this Court should accordingly deny their motion for fees.

## II. An attorney fee award is not necessary to achieve a just and adequate compensation because the Purdys have not paid any fees or costs.

The Purdys have not paid attorney fees in this case; TCC has paid all fees and costs on their behalf. And the Purdys have not presented any evidence that they are required to reimburse these fees.[65] Alaska Rule of Civil Procedure 72(k)(5) allows fees and costs when necessary to achieve a just and adequate compensation because a condemnee is not "made whole if he must expend large sums of money to insure that he gets a fair price for his land."[66]

Here, the Purdys have paid nothing and any fee award to them is a windfall in excess of the adjudicated just compensation for their property (and consequently an improper drain to the State treasury to the detriment of Alaska's citizens). The Purdys'

---

[65]    2018 Att'y Fee Mot., Dkt. 288 at 2, 2018 Kramer Aff., Dkt. 288-4 at 2.

[66]    *Stewart & Grindle, Inc.*, 524 P.2d at 1250-51.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 17 of 27
Case 4:13-cv-00008-RRB    Document 297    Filed 02/01/19    Page 17 of 27

Native allotments and the proceeds from the condemnation action are protected from liens by operation of 25 U.S.C. § 410.[67] While an attorney may be able to seek a personal judgment against the Purdys for his fees, the Purdys' attorney has been paid and there is no evidence of any obligation for the Purdys to repay TCC.[68] The Court has adjudicated just compensation for the property interest condemned by the State; as a matter of law, that judgment fully compensates the Purdys for the taking of their property since they did not have to spend any money to secure it. Any "attorney fee" award is unnecessary to meet the state constitutional requirement for just compensation, and the Court should deny the Purdys' motion.

## III. The fees expended on behalf of the Purdys were not necessary to achieve a just and adequate compensation.

When a condemnee fails to make an effectual factual showing that an award of attorney's fees is necessary under Rule 72(k)(5), it is appropriate for the Court to deny the condemnee's motion for attorney's fees. Condemnees bear the burden of demonstrating that they are entitled to attorney's fees under Rule 72(k)(5), including where the condemnee has failed to secure a substantial increase over the condemnor's offer(s).[69] Courts should not award fees that were not necessary to obtain just

---

[67]     *Law Offices of Vincent Vitale, P.C. v. Tabbytite*, 942 P.2d 1141, 1147 (Alaska 1997).

[68]     *Id.* at 1146-47.

[69]     *See Four Separate Parcels of Land v. City of Kodiak*, 938 P.2d 448, 455–56 (Alaska 1997).

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 18 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 18 of 27

compensation or that exceeded reasonable fees and costs.[70] The condemnee's rejection of reasonable settlement offers—and the condemnee's conduct that substantially and unreasonably increased the costs of litigation—should be considered in determining whether fees were necessarily incurred.[71]

Like the condemnees who were denied fees under Rule 72(k)(5) in *Four Parcels of Land* and *Hillstrand*, the Purdys failed to stop the condemnation and did not achieve just compensation significantly greater than that offered by the condemnor. Counsel for the Purdys' did not achieve even the marginal .42 percent increase in just compensation that happened in *Four Parcels of Land*.[72] Instead, he incurred $131,212.50 in new fees and costs[73] to turn the State's July 2016 and February 2018 offers of $22,900 and $24,000 into an $8,400 final judgment.[74]

Counsel for the Purdys attempts to justify their exorbitant fee request by re-writing history and ignoring this Court's prior order denying fees for the initial part of this case. But the end result of Mr. Kramer's work cannot be ignored: the Purdys' property remains

---

[70]    *Triangle, Inc.*, 632 P.2d at 970; *accord Res. Inv.*, 687 P.2d at 283; *Badger Const. Co.*, 628 P.2d at 923–24; *State v. Alaska Cont'l Dev. Corp.*, 630 P.2d at 993–99; *Stewart & Grindle, Inc.*, 524 P.2d 1242.

[71]    *See Four Separate Parcels of Land*, 938 P.2d at 455–56, *see Stewart & Grindle, Inc.*, 524 P.2d 1244, 1251.

[72]    *Four Separate Parcels of Land*, 938 P.2d at 455–56.

[73]    This amount reflects the total requested by the Purdys in the present motion less the amount included here but previously rejected by the Court.

[74]    It is clear from counsel's billing that he took seriously the State's offer prior to the amended complaint and presented it to the Purdys. *See* 2018 Kramer Aff., Dkt. 288-4 at 13-14 (July 6 – July 20, 2016 entries reflecting analysis of offer and client consultation).

*State of Alaska v. United States of America, et al.*                    Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees                    Page 19 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 19 of 27

criss-crossed by legitimate, but unlitigated road claims, the State's condemnation has been found lawful, and the just compensation awarded is far less than what the State offered.

Through the course of this litigation, counsel for the Purdys' billing included many unreasonable and unnecessary charges given the quality of the work product and outcomes achieved. For example, counsel billed over 100 hours and $30,000 for work related to condemnation procedure and authority, including both of his dispositive motions on those issues. The Court denied his motion for summary judgment, rejecting both the Purdys' legal and factual challenges to the State's condemnation. Less than a year after that order, and after many more hours billed for condemnation authority and necessity issues, counsel offered an opposition that rehashed the earlier unavailing contentions and was mostly a pages-long block quote supporting council's previously rejected decisional document argument.

Similarly, after the Court issued its dispositive decisions in favor of the State, counsel for the Purdys spent 21.4 hours and $7,280 on motions for reconsideration that had "no merit" and a wholly inappropriate motion to appoint master.[75] Counsel also charged 21.2 hours and $7,195 for fact investigation and expert consultation while spending $1,450 on an expert report, all of which occurred months after discovery closed and after the dispositive motion briefing was completed.

Other billing items are clearly inappropriate. One example is a January 16, 2017

---

[75]     2018 Kramer Aff., Dkt. 288-4 at 34-36; Order Granting Mot. for Entry of J, Dkt. 281 at 2.

*State of Alaska v. United States of America, et al.*     Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees     Page 20 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 20 of 27

entry to "receive and study proposed license agreement for Busby to access allotment, comment with suggested edits."[76] This is a bill for reviewing the private contract between Agnes Purdy and a neighbor that is barred from consideration as part of the fees in this litigation.[77] Another obvious problem are the multiple entries for an unidentified "KK" from July to September 2018 totaling 7.8 hours and $975.[78]

Counsel for the Purdys has not provided a sufficient factual showing to support a finding that a billing of $131,212.50 was reasonable and necessary to achieve a just compensation. The Purdys lost every single issue related to the State's condemnation. Indeed, the Purdys would have received nearly three times as much compensation had their counsel not billed a single hour after July 2016. Accordingly, this Court should deny the Purdys' motion for attorney fees and costs.[79]

## IV. The Purdys are not entitled to recover fees under AS 09.60.010.

The Purdys seek to recover all fees incurred in the district court proceedings from March 20, 2013 through March 14, 2016. This includes the district court proceedings

---

[76]     2018 Kramer Aff., Dkt. 288-4 at 19.

[77]     *State v. Hammer*, 550 P.2d at 829.

[78]     2018 Kramer Aff., Dkt. 288-4 at 1, 32-24.

[79]     Given that the Purdys received an award that was far less than what the State initially offered, the State's position is that the Court should deny the Purdys' request for attorney's fees outright. Alternatively, the State requests that the Court order Purdys' counsel to specifically identify the fees he believes were reasonable and necessarily incurred with an explanation as to why such fees were necessary to achieve a just and adequate compensation for the Purdys that would allow the State to respond to the reasonableness of such request. *See Four Separate Parcels of Land*, 938 P.2d at 455-456 (discussing trial court using a similar procedure).

*State of Alaska v. United States of America, et al.*                  Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees                  Page 21 of 27

from the start of the case through the appeal to the Ninth Circuit, which issued its decision in March 2016.[80] The district court fees total nearly $50,000.

Notably, this is not the first time the Purdys have requested to recover fees for this portion of the district court proceedings. After the Court granted the Purdys' motion to dismiss,[81] they filed a motion to recover $49,550.84 on behalf of TCC.[82] They based their request on 25 U.S.C. §§ 175 and 345. In denying that request, this Court found it "both unexplained and inexplicable how" these two statutes "somehow authorize[d] recovery of attorney fees from the opposing party."[83] The Purdys are trying yet again to recover these fees. The Purdys' request is untimely and not supported by the law on which they rely.

Federal Rule of Civil Procedure 54(d) provides that a party must submit a claim for attorney's fees "no later than 14 days after the entry of judgment." The Court entered final judgment, dismissing the State's quiet title action and condemnation action against the Purdys on December 26, 2013. The time for the Purdys—or TCC—to recover any fees associated with the first part of the case has expired. The Purdys cannot now seek to recover those same fees based on a different legal theory that they inexcusably failed to

---

[80]     *Alaska Dep't of Nat. Res. v. United States*, 916 F.3d 580 (9th Cir. 2016).

[81]     Order Regarding Mot. at Dkts. 91, 99, 117, and 122 (Dec. 23, 2013), Dkt. 127.

[82]     *See* 2014 Mot. for Att'y Fees and Costs, Dkt. 131; 2014 Kramer Aff., Dkt. 150, ¶ 1; *see also* 2014 Kramer Aff., Dkt. 150, ¶ 3 (acknowledging that TCC financed the Purdys' litigation expenses).

[83]     Order Re. Mot. at Dkts. 91, 99, 117, and 122 (Dec. 23, 2013), Dkt. 127 at 4.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 22 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 22 of 27

raise in their first motion for attorney's fees.[84]

But, even if the Court concludes that this request is somehow timely, it should still reject the Purdys' claim. An award of attorney's fees under AS 09.60.010(c) is only available to a party that prevails in asserting a right "concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska."[85] Although federal courts may grant prevailing party status to a party that "succeeds on 'any significant issue" or "'when actual relief on the merits of his claim materially alters the legal relationship between the parties,'" the standard in Alaska is not so lenient.[86] Under Alaska state law, the prevailing party is the "one who succeeds on the main issue."[87]

In support of their request, the Purdys argue that they prevailed on a constitutional claim because they prevented the State from taking their property without just compensation.[88] The Purdys mischaracterize the State's complaint and the Court's order, and they are not the prevailing party. The State never sought to take the Purdys' property

---

[84]    *See Farris v. Ranade*, 584 Fed.Appx. 887, 891 (9th Cir. 2014) (unpublished) (stating that a party must show "excusable neglect" under Rule 6(b)(1)(B) to file an untimely motion for attorney's under Rule 54(d)).

[85]    *See State v. Jacob*, 214 P.3d 353, 360–61 (Alaska 2009) ("Where no party has properly raised a constitutional claim, an award of fees under AS 09.60.010(c) is not appropriate).

[86]    *Hickel v. Southeast Conference*, 868 P.2d 919, 925 (Alaska 1994) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see id.* ("Unlike Alaska's approach, the federal approach is extremely generous in granting prevailing party status.").

[87]    *Braun v. Borough*, 193 P.3d 719, 727 (Alaska 2008).

[88]    2018 Att'y Fee Mot., Dkt. 288, at 5.

*State of Alaska v. United States of America, et al.*    Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees    Page 23 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 23 of 27

without just compensation. As the Court is well aware, the State initially sought to quiet title to R.S. 2477 rights-of-way that it alleged traversed the Purdys' Native allotment.[89] This was not a taking without just compensation.

Had the Court had jurisdiction over this claim, the Court would have resolved the dispute over ownership. However, because the Court lacked jurisdiction, that dispute remained undecided, and the State was forced to decide between two options. One option was to continue acting as if the State had clear title and induce the Purdys and the United States to file their own quiet title action.[90] The second option was to condemn the property and compensate the Purdys for rights-of-way to which the State already had a legitimate claim. The State opted for the later. The Purdys did not prevail on the main issue in the case—the State's claims to R.S. 2477 rights-of-way on their property still exist—and a claim of ownership outright is far different from the State seeking to take private property without just compensation.

In addition, the Alaska Supreme Court has held that "'asserting' a constitutional right for purposes of AS 09.60.010(c) means making a claim on the basis of that right in a complaint or other claim for relief."[91] The Purdys did not assert a claim based on a

---

[89]     *See* Compl. (Mar. 20, 2013), Dkt. 1 at Count II (seeking to quiet title under AS 09.45.010) *and* Count IV (seeking to recover possession under AS 09.45.630).

[90]     *See Upper Skagit Indian Tribe v. Lundgren*, 138 S. Ct. 1649 (May 21, 2018) (Roberts, C.J., concurring); *Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 291–92 (1983); *see also* State's Reply in Supp. of Its Mot. to Determine Authority and Necessity for Taking (June 15, 2018), Dkt. 257 at 1-2.

[91]     *City of Kodiak v. Kodiak Public Broadcasting Corp.*, 426 P.3d 1089, 1094 (Alaska 2018).

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 24 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 24 of 27

constitutional right in either their original[92] or amended[93] answer and the Court should deny their request for full fees and costs under AS 09.60.010(c).

## CONCLUSION

The State's exercise of eminent domain in the public interest unfortunately carries with it impacts that are felt deeply by only a few citizens. The state constitution, in conjunction with the Alaska court rules, ensures that condemnees are fully compensated for their necessary and reasonable transaction costs to secure just compensation for condemned property. But that guarantee of just compensation cannot be license for a third party, here the Tanana Chiefs Conference, to fund endless uneconomic litigation. TCC made an investment in helping the Purdys to fight the State's condemnation action that did not achieve its intended result.

The citizens of Alaska should not be forced to subsidize TCC's efforts here, when the property owners themselves have been fully compensated. Nor should property owners be granted license to fight eminent domain actions beyond any logical stopping point under the assumption that they will be fully reimbursed their attorney fees and costs no matter how repetitive and meritless their attorney's arguments prove to be. Accordingly, the State respectfully requests the Court deny the Purdys' motion for attorney's fees and costs.

---

[92]    Purdy Answer (June 18, 2013), Dkt. 77.

[93]    Purdy Answer to Am. Compl. (Oct. 12, 2016), Dkt. 182.

*State of Alaska v. United States of America, et al.*          Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees          Page 25 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 25 of 27

Dated: February 1, 2019

KEVIN G. CLARKSON
ATTORNEY GENERAL


s/Michael S. Schechter
Michael S. Schechter (AK Bar No. 1405044)
Jessica M. Alloway (AK Bar No. 1205045)
Julia Metzger (Alaska Bar No. 1211120)
Assistant Attorneys General
*Attorneys for State of Alaska*

*State of Alaska v. United States of America, et al.*     Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees     Page 26 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 26 of 27

# CERTIFICATE OF SERVICE

     I hereby certify that on February 1, 2019, copy of the foregoing document was served electronically via the CM/ECF system to the following:

Tyler M. Alexander, Esq.
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
PO Box 7611
Washington, D.C. 20044
Ph: (202) 305-0238
Fax: (202) 305-0506
Email: tyler.alexander@usdoj.gov
Attorneys for Defendant United States

Michael C. Kramer, Esq.
Kramer and Associates
542 4th Avenue, Suite 207
Fairbanks, Alaska 99701
Ph: (907) 888-4098
Fax: (907) 374-3829
Email: mike@mikekramerlaw.com
Attorneys for Defendants Agnes M. Purdy
and Barbara A. Redmon, on behalf of Anne
L. Purdy

Dean Dunsmore, Esq.
United States Department of Justice
Environmental &Natural Resources Div.
C/O Office of U.S. Attorney
222 W 7th Ave, # 9, Rm 253
Anchorage, Alaska 99513-7567
Ph: (907) 271-5071
Fax: (907) 271-1505
Email: dean.dunsmore@usdoj.gov
Attorneys for Defendant United States

Richard D. Monkman, Esq.
Kendri M. Cesar
Sonosky, Chambers, Sachse, Miller &
Munson, LLP (Anchorage)
900 West 5th Avenue, Suite 700
Anchorage, Alaska 99501
Ph: (907) 586-5880
Fax: (907) 586-5883
dick@sonoskyjuneau.com
kendri@sonoskyjuneau.com
Attorneys for Defendant Dena' Nena' Henash
(a/k/a Tanana Chiefs Conference)

s/Michael S. Schechter
Michael S. Schechter
Assistant Attorney General

*State of Alaska v. United States of America, et al.*      Case No. 4:13-00008-RRB
State of Alaska's Opposition to Motion for Attorney Fees      Page 27 of 27
Case 4:13-cv-00008-RRB   Document 297   Filed 02/01/19   Page 27 of 27